**Ram SINGH, a.k.a. Singh Ram, a.k.a. Sukhdev Ram, Petitioner,**

**v.**

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**Alberto GONZALES,\* Attorney General, Respondent.**

No. 03–74497.

Agency No. A72–015–011.

United States Court of Appeals, Ninth Circuit.

Submitted April 4, 2005.\*\*

Decided April 7, 2005.

Robert B. Jobe, Esq., Law Offices of Robert B. Jobe, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, OIL, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before KOZINSKI, HAWKINS and CLIFTON, Circuit Judges.

MEMORANDUM \*\*\*

Ram Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") denial of his application for asylum and withholding of deportation. Because the transitional rules apply, we have jurisdiction under 8 U.S.C. § 1105a(a). *See Movsisian v. Ashcroft,* 395 F.3d 1095, 1096 (9th Cir. 2005). We review for substantial evidence, *see Lata v. INS,* 204 F.3d 1241, 1245 (9th Cir.2000), and will uphold the decision unless the evidence compels a contrary conclusion, *INS v. Elias–Zacarias,* 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review.

Substantial evidence supports the BIA's and IJ's decisions. Even if we were to assume Singh established past persecution on account of an enumerated ground based on the 1990 incident with police, substantial evidence supports the conclusion that conditions have changed in India such that

---

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Singh no longer has a well-founded fear of persecution. *See Gonzalez–Hernandez,* 336 F.3d 995, 1000–01 (9th Cir.2003) (upholding a denial of asylum based on changed country conditions where the agency rationally construed State Department report). Moreover, all Singh's family members, who are also Hindu, continue to reside unharmed in India. *See Hakeem v. INS,* 273 F.3d 812, 816 (9th Cir.2001) (stating that continual presence of similarly-situated family members without incident undercuts applicant's claim of persecution). Finally, Singh's fear is further undermined because he managed to reside in the Punjab for a year and a half after the incident. *See Gonzalez–Hernandez,* 336 F.3d at 999.

Because Singh failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of deportation. *See Movsisian,* 395 F.3d at 1097.

Pursuant to *Elian v. Ashcroft,* 370 F.3d 897 (9th Cir.2004), petitioner's voluntary departure period will begin to run upon issuance of this court's mandate.

PETITION FOR REVIEW DENIED.